IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cr34

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| JORGE FLORES-ROJAS ) | |
| ) | |

**THIS MATTER** is before the Court upon motion of the government for a peremptory setting of this matter on or after October 14, 2008. (Doc. No. 53).

The defendant first appeared in this case on February 12, 2008. The defendant was arraigned on the Superseding Indictment on July 8, 2008. On July 29, 2008, the Court granted the defendant's motion to continue the trial until the October 6, 2008 term.[1] (Doc. No. 41: Order). On August 25, 2008, counsel for the defendant filed a Notice of Unavailability informing the Court that he was taking time off for job training between October 6 and 17, 2008. (Doc. No. 43). On October 1, 2008, the Court gave the parties advance notice that this case would likely be called for trial on October 7, 2008. The instant motion was filed on October 2, 2008.

As grounds for the motion, the government states that it relied on the defendant's Notice of Unavailability (Doc. No. 43) and planned to try this case later in the term. (Doc. No. 53: Motion at ¶ 1). The government's reliance and plan were unwarranted for several reasons. First, this District does not have a policy of automatically delaying cases based on notice of what is

---

[1]This District schedules criminal cases for trial in terms of court. At calendar call on the first day of the term, the Court determines the actual trial order. Absent the issuance of an order peremptorily setting a case for a date certain, all parties are required to be prepared for trial at the beginning of the term.

called "secured leave" in the state court system. Second, the Court did not issue any order delaying this case based on the notice filed by defense counsel. In fact, a representative of the United States Attorney's Office was specifically advised that the government should not rely on the notice in this case. Third, there is no indication in the motion that counsel for the government communicated with counsel for the defendant to determine whether the alleged scheduling conflict still existed, which it does not.

Additionally, prior to the instant motion, filed two business days before the date scheduled for calendar call, the government did not inform the Court of the potential scheduling conflicts of the government's co-counsel and a witness's counsel. (Doc. No. 53: Motion at ¶¶ 2, 3). The Court has already granted a motion which will likely result in another case being called for trial on October 14, the date requested by the government in this case, (Case No. 3:08cr80, Doc. No. 15: Order), and the Court has other matters scheduled that prevent this case from being tried later in the month. Accordingly, the Court finds that the government has failed to state sufficient cause for delaying the trial and can be prepared with the exercise of due diligence.

**IT IS, THEREFORE, ORDERED** that the government's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: October 2, 2008

Robert J. Conrad, Jr.
Chief United States District Judge